PER CURIAM.
This is an appeal from the trial court’s summary judgment.
On September 7, 2001, Phillip Aaron, an inmate in a state prison, acting pro se, sued Donald B. Mansell, alleging legal malpractice and slander. Mansell filed an answer denying the allegations of the complaint. On September 12, 2001, Mansell filed a motion for a summary judgment. Aaron then filed a “reply brief for oral argument for evidentiary hearing”; a “motion for declaratory judgment, or, in the alternative, to set for trial by jury... .ONLY”; and a motion for a summary judgment. On March 22, 2002, the trial court entered a summary judgment for Mansell. Aaron appeals.
Aaron argues, among other things, that the trial court erred by entering a summary judgment for Mansell. Neither party has raised an issue relating to the timeliness of the appeal; however, this court has held that “ ‘[jjurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.l997)(quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). The timely filing of a notice of appeal is a jurisdictional act. Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985).
The trial court entered summary judgment for Mansell on March 22, 2002. The appeal from this summary judgment would need to be filed by May 3, 2002. Aaron did not file an appeal, but instead filed a “motion/request to file out-of-time appeal.” He stated in his motion that the clerk’s office did not mail his copy of the entry of judgment until May 3, 2002. The trial court purported to grant his motion to file an out-of-time appeal on June 14, 2002.
The trial court entered its notation purporting to grant Aaron’s motion for an out-of-time appeal on the case action summary. There is no separate order in the record. There being no record of what grounds the trial court granted the motion for out-of-time appeal on, we will presume the grant was based on Rule 77(d), Ala. R. Civ. P., which provides that
“Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and who was not present in person or by that party’s attorney or not otherwise notified, when such order or judgment was rendered, and make a note on the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal unthin the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (SO) days from the expiration of the original time now provided for appeals in civil actions. ...”
*98 (Emphasis added) Under Rule 77(d), the trial court could have granted an out-of-time appeal and extended the date for Aaron to file his notice of appeal to June 4, 2002.[1]
Rule 4, Ala. R.App. P., was amended, effective September 1, 2000, to add subsection (c), which reads as follows:
“If an inmate confined in an institution and proceeding pro se files a notice of appeal in either a civil or a criminal case, the notice will be considered timely filed if it is deposited in the institution’s internal mail system on or before the last day for filing. If an institution has a system designed for ‘legal’ mail to be processed by the United States Post Office, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a notarized statement that sets forth the date the filing was deposited in the institution’s mail system.”
In the case before us, Aaron has provided no affidavit or other notarized statement that sets forth the date he deposited his notice of appeal in the mail system of the institution in which he is incarcerated. After a careful review of the record, we cannot ascertain when he did. His notice of appeal contains the following: “Submitted this — day of June, 2002.” The certificate of service for the notice of appeal is not dated, other than a reference to “this day.”
Rule 2(a)(1), Ala. R.App. P., provides that “[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Aaron has failed to provide a “notarized statement that sets forth the date the [notice of appeal] was deposited in the institution’s mail system,” nor is there any other evidence in the record to substantiate the date he filed his notice of appeal. We conclude that Aaron’s appeal is untimely; therefore, we dismiss the appeal.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ„ concur.
MURDOCK, J., concurs in the result.

. Thirty days from May 3, 2002, is June 2, which is a Sunday, and June 3 is a holiday, making June 4, 2002, the proper date the 30-day extension for time to appeal would terminate.